United States District Court
District Of Maine

Dr. Brenda A. Gowesky,

Plaintiff,

v.

Eastern Maine Healthcare Systems
d/b/a Northern Light Health,

Eastern Maine Medical Center d/b/a
Northern Light Eastern Maine
Medical Center,

and

Northern Light Health Retirement
Partnership 403(b) Plan,

Defendants.

Docket No.:

## Complaint
### For Wrongful Denial of Retirement Benefits

### Introduction

1.      Dr. Brenda A. Gowesky, a participant in a 403(b) retirement plan, brings this action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to recover benefits due to her under the terms of her plan and to enforce her rights under the terms of the plan.

1

2.      Dr. Gowesky worked as a dedicated physician for Defendant Eastern Maine Medical Center (EMMC) for almost ten years. As an employee benefit provided by EMMC, Dr. Gowesky participated in the Northern Light Health Retirement Partnership 403(b) Plan (the "Plan").[1] Defendant Eastern Maine Healthcare Systems d/b/a Northern Light Health is the administrator for the Plan. Defendants are responsible for the exercise of control over the administration of benefits including paying out benefits under that ERISA plan.

3.      On March 27, 2020, EMMC paid Dr. Gowesky, in her capacity as an "employee," $230,000 of "gross earnings" for what it identified as "regular" earnings that it treated as and reported to the IRS as W-2 compensation.

4.      Despite reporting the $230,000 payment as ordinary W-2 earnings for tax purposes, Defendants failed to make any of the contributions to the Plan required by the terms of the Plan. Specifically, Defendants failed to make pre-tax elective deferral contributions, employer matching contributions, and employer non-elective contributions.

5.      Dr. Gowesky brings this action under ERISA to recover benefits due to her under the Plan, 29 U.S.C. § 1132(a)(1)(B), and to seek equitable relief concerning Defendants' breach of fiduciary duty, 29 U.S.C. § 1132(a)(3).

---

[1] Under an Adoption Agreement, the Plan name changed from "EMHS Retirement Partnership 403(b) Plan" to "Northern Light Health Retirement Partnership 403(b) Plan" effective January 1, 2020.

## Jurisdiction and Venue

6.    This Court has jurisdiction over this action under 29 U.S.C. § 1132(e)(1).

7.    Venue is proper in the District of Maine under 29 U.S.C. § 1132(e)(2) because: (a) Defendants may be found in this district given their actions related to Plaintiff's benefits and claim for benefits; (b) the applicable plan is administered, at least in part, in this district; and (c) Defendants' breaches of ERISA and wrongful denial of benefits occurred in this district.

8.    Personal jurisdiction over Defendants lies under 29 U.S.C. § 1132(e)(2), which provides that "process may be served in any . . . district where a defendant resides or may be found." Defendants may be found in Maine, among other potential states for service, given their actions in this state related to the Plan and related to Plaintiff's claim for benefits.

## Parties

9.    Plaintiff Dr. Brenda A. Gowesky worked for Northern Light Eastern Maine Medical Center, which is part of Eastern Maine Healthcare Systems, from September 2007 until June 18, 2017. At the end of her employment, she was, among other duties, the Chief Emergency Department physician at EMMC.

10.    Dr. Gowesky was, and continues to be, a participant in the Plan.

11.     Defendant Eastern Maine Healthcare Systems (EMHS), which does business under the assumed name of Northern Light Health, is the employer and plan administrator for the Plan. EMHS is responsible for many administrative functions of the Plan, including determining employee eligibility to participate; determining participant vested percentages; determining the correct calculation of deferrals and matching contributions; remitting contributions; and reviewing and processing claims.

12.     EMHS states on its website that it is an integrated health care system serving Maine and that EMMC is part of that integrated system. The 2025 Annual Report of EMHS claims that it has 9,790 employees, which includes all the employees of EMMC, and that EMMC is one of its "members."

13.     Defendant Eastern Maine Medical Center d/b/a Northern Light Eastern Maine Medical Center (EMMC) is a non-profit corporation that operates an acute care hospital in Bangor, Maine. EMMC was Dr. Gowesky's direct employer. EMMC is highly integrated with its parent company, EMHS, and as part of their close interrelationship, EMHS handles many employment and other human resources and administrative matters for EMMC.

14.     For example, EMMC's official personnel file for Dr. Gowesky contained official forms entitled "Eastern Maine Healthcare Systems."

4

15.    Defendant Northern Light Health Retirement Partnership 403(b) Plan is Dr. Gowesky's retirement plan related to her employment by EMMC and EMHS.

### Factual Support for Claims

16.    Brenda A. Gowesky worked as a dedicated physician at EMMC for almost ten years. She was, and continues to be, a participant in the Plan.

17.    Dr. Gowesky's employment at EMMC ended on June 18, 2017.

18.    On March 27, 2020, EMMC issued a payment for $230,000 for what it identified as "gross earnings" that it treated as and reported to the IRS as W-2 compensation.

19.    EMMC reported the $230,000 payment on a W-2 reporting form as regular earnings for tax purposes and treated it in all respects as W-2 compensation.

20.    At Dr. Gowesky's request, counsel for Northern Light Health provided copies of the 403(b) Plan documents that were in effect during March and April 2020. The documents identify EMHS as the Employer and Plan Administrator.

21.    The Plan provides for contributions to be made to the Plan on behalf of participants based on eligible compensation, including pre-tax

elective deferral contributions, employer matching contributions, and employer nonelective contributions.

22.    Under Section 8(a) of the Plan's Adoption Agreement, EMHS elected to determine compensation for all contributions on a W-2 basis.

23.    For W-2 purposes, payments for employment earnings are included as income in the year they are received. Thus, Dr. Gowesky received Plan-eligible compensation of $230,000 in 2020, which is well below the Internal Revenue Code Section 401(a)(17) compensation limit of $285,000 for that year.

24.    Although Dr. Gowesky was not an employee of EMMC or EMHS in 2020, Section 9(d) of the Plan's Adoption Agreement permits certain post-severance compensation, including regular pay, to be taken into account for purposes of contributions.

25.    Because EMMC acknowledged and characterized the $230,000 as regular earnings in 2020, this amount qualifies as eligible compensation under the Plan.

26.    Accordingly, Defendants should have made appropriate contributions to the Plan concerning Dr. Gowesky's regular earnings of $230,000 in 2020.

27.    Defendants did not make any contributions to the Plan based on Dr. Gowesky's 2020 earnings, thus depriving Dr. Gowesky of benefits due to her under the Plan.

28.    Dr. Gowesky filed an internal claim letter with EMHS, but she has not received a response.

29.    Dr. Gowesky does not believe that the statute of limitations on her ERISA claims could expire before the resolution of her internal claim filed with the Defendants but anticipates that Defendants may, incorrectly, argue otherwise. Thus, Dr. Gowesky has filed this Complaint before the resolution of her internal claim.

30.    If the Court concludes that the internal claim process must conclude before prosecution of either or both of the ERISA claims pled in this Complaint, Dr. Gowesky requests that the Court stay those claims until the conclusion of the internal claim process.

## Legal Claims
## Violations of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)

31.    The allegations above are realleged.

32.    Plaintiff relies on two separate provisions of ERISA to support her claims against Defendants.

33.    ERISA Section 502(a)(1)(B) authorizes a plan "participant or beneficiary" to bring a "civil action" to "recover benefits due to [her] under the

terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

34.    ERISA Section 502(a)(3) authorizes a plan "participant, beneficiary, or fiduciary" to bring a "civil action" to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" or to "obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

35.    Plaintiff seeks the benefits due arising from Defendants' denial of benefits.

36.    As a result of Defendants' denial of benefits, Plaintiff has suffered damages in an amount to be determined.

37.    Plaintiff is entitled to the benefits sought by her claim and Defendants should be ordered to pay those benefits under the terms of the Plan.

38.    Plaintiff is entitled to an order requiring Defendants to pay the amount of the applicable benefits, along with interest, attorney's fees, and any other related damages.

39.    Defendants are fiduciaries for purposes of ERISA. They have exercised discretion and control over the terms of the Plan, over funds owed

to Dr. Gowesky that represent plan assets, and over the administration of the benefits at issue.

40.    Defendants owed fiduciary duties to Dr. Gowesky.

41.    Defendants breached their fiduciary duties through the conduct described above.

42.    Defendants' breach of their fiduciary duties caused actual harm, injury and loss to Dr. Gowesky, and such harm cannot be remedied without equitable or remedial relief, as the Court may deem necessary.

43.    Defendants must disgorge, or be surcharged, for the value of the benefits wrongfully retained by Defendants and the amount the contributions would have earned.

## Claim for Attorney's Fees Under ERISA § 1132(g)

44.    Under ERISA § 502(g), 29 U.S.C. § 1132(g), this Court may award attorney's fees and costs to Dr. Gowesky in this action.

45.    The Court should award attorney's fees and costs to Dr. Gowesky under the facts, events, acts, errors, omissions, ERISA violations and claims in this matter.

**Wherefore,** Plaintiff requests relief against Defendants as follows:

(a)     Declare that Defendants violated ERISA by failing to make appropriate contributions to the Plan based on Dr. Gowesky's $230,000 regular pay in 2020;

(b)     Declare that Defendants violated ERISA by breaching their fiduciary duties to Dr. Gowesky;

(c)     Order Defendants to make a pre-tax elective deferral contribution to the Plan on behalf of Dr. Gowesky equal to $230,000 multiplied by the percentage of pre-tax deferral election that Dr. Gowesky had in effect under the Plan when her employment with EMHS was terminated;

(d)     Order Defendants to make, regarding the pre-tax elective deferral contribution above, an employer matching contribution to the Plan on behalf of Dr. Gowesky in an amount as determined under the terms of the Plan in effect on the date Defendants made employer matching contributions under the Plan for the 2020 Plan Year;

(e)     Order Defendants to make employer nonelective contributions to the Plan on behalf of Dr. Gowesky in an amount as determined under the terms of the Plan in effect on the date Defendants made employer nonelective contributions under the Plan for the 2020 Plan Year;

(f)     Order Defendants to make a contribution to the Plan on behalf of Dr. Gowesky equal to the amount the contributions above at (c), (d), and (e)

would have earned from the dates those contributions to the Plan should have been made to the Plan for the 2020 Plan Year, until the times these contributions are actually credited by Defendants to Dr. Gowesky's account or accounts, as if they had been invested during that period in accordance with the investment elections in effect for Dr. Gowesky under the Plan at the time of the termination of her employment;

(g)     Order Defendants to credit all the above contributions to an account or accounts under the Plan created for Dr. Gowesky;

(h)     Order Defendants to provide Dr. Gowesky with all the rights and privileges to such account or accounts accorded to other Plan participants, including without limitation the right to rollover or transfer the amounts in such account or accounts to her individual retirement account (IRA) or to another tax qualified 403(b) or 401(k) Plan;

(i)     Award Dr. Gowesky full costs and reasonable attorney's fees; and

(j)     Award such further relief as is deemed appropriate.

Respectfully submitted,

Date: March 27, 2026

/s/ David G. Webbert
David G. Webbert
Johnson, Webbert & Beard, LLP
1 Bowdoin Island Mill, Ste. 300
Topsham, Maine 04086
Tel: (207) 623-5110

11

Email: dwebbert@work.law

/s/ Olivia R. Blom
Olivia R. Blom
Johnson, Webbert & Beard, LLP
1 Bowdoin Island Mill, Ste. 300
Topsham, Maine 04086
Tel: (207) 623-5110
Email: oblom@work.law

*Attorneys for Plaintiff*